IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

and

RICHARD YOB and SASHA DULKERIAN,

       Plaintiff-Intervenors,

vs.                                                                      No. 1:11-cv-00875 RB/KBM

PITRE, INC., d/b/a PITRE BUICK/PONTIAC,

       Defendant.

**ORDER DENYING MOTION AS PREMATURE**

       Concurrently with this Order, the Court considered the statutory bases for this action and method by which this case shall be tried. Remaining before the Court is Defendant's Motion to Dismiss Based on Statute of Limitations, filed August 31, 2012 (Doc. 116). Considering the posture of the case, the Court deems this motion premature, and it shall be denied as such.

       In the motion, Defendant Pitre, Inc. ("Pitre") asks the Court to resolve whether the 300-day limitations period applicable to individual plaintiffs under § 706 of Title VII applies to the Equal Employment Opportunity Commission ("EEOC"). Pitre acknowledges a split of authority on the issue, but it asserts that the plain language of the statute limits the EEOC to seeking relief on behalf of only individuals who were subject to a discriminatory act within the 300 days prior to the administrative charge prompting the EEOC investigation. (Doc. 116 at 3-6). The EEOC opposes the motion, arguing that Supreme Court precedent gives broad authority to the EEOC to

act on patterns or practices of discrimination and that the continuing violation doctrine renders the entire period of the pattern or practice actionable. (Doc. 126 at 6-23).

The EEOC's action is based on an allegation that Pitre's standard operating procedures encouraged and condoned a hostile work environment based on pervasive sexual harassment. According to the EEOC, the sexual harassment was underway in 1998, the year that Pitre hired James Gallegos, and continued until Mr. Gallegos was terminated in 2010. The first administrative Charge of Discrimination was not filed until August 11, 2010. Because discovery has not been completed, pertinent facts about the group of aggrieved male employees are unknown. Specifically, it is not clear whether the EEOC seeks to bring claims on behalf of individuals who were not subject to the hostile work environment within the statutory period, nor is it clear whether an act of sexual harassment was committed as to each claimant within the 300-day period.

As all parties acknowledge, there is a split of authority among district courts as to whether the timely filing provision even applies to actions brought by the EEOC. However, assuming that it does apply, the timely filing of an EEOC charge is not a jurisdictional prerequisite to filing a federal lawsuit. The filing limitations do not pose an absolute bar to suit and may be subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). The continuing violations doctrine may also apply to permit otherwise stale claims. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

Pitre's concern that the EEOC is attempting to bring stale claims will likely warrant consideration. However, this Court is prohibited from issuing advisory opinions. *United States v. Chavez-Palacios*, 30 F.3d 1290, 1292-93 (10th Cir. 1994) (citations omitted). The applicability of the 300-day limitation period to this case is a fact-specific inquiry, dependent on the situation

of each aggrieved person. It would be more appropriately raised as a motion for summary judgment, and it certainly cannot be addressed before it is clear that the EEOC will attempt to include claims by persons aggrieved outside the 300-day period. Because the Court cannot issue a ruling in a vacuum, Pitre's motion is premature.

**THEREFORE,**

**IT IS ORDERED** that Pitre's Motion to Dismiss Based on Statute of Limitations (Doc. 116), filed August 31, 2012, is **DENIED** without prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**